IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

VINCENT-RALPH: CALIGURI,

        Plaintiff,

   v.

WELLS FARGO BANK, N.A.,
et al.,

        Defendants.

Civ. No. 07-3061-PA

**ORDER**

**PANNER, J.:**

Pro se plaintiff Vincent-Ralph Caligiuri moves to disqualify me. I deny the motion.

### STANDARDS

Sections 144 and 455 of Title 28 of the United States Code govern the recusal of a district judge. Under both statutes, "'recusal is appropriate where a reasonable person with knowledge of all the facts would conclude that [the] judge's impartiality might reasonably be questioned.'" Kulas v. Flores, 255 F.3d 780, 787 (9th Cir. 2001) (quoting Moideen v. Gillespie, 55 F.3d 1478, 1482 (9th Cir. 1995) (citation omitted)). For a judge to be

1 - ORDER

disqualified, there must be a showing of "such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). The alleged bias "must usually stem from an extrajudicial source." Pesnell v. Arsenault, 490 F.3d 1158, 1164 (9th Cir. 2007). The district court has discretion in ruling on a motion to recuse. Id.

## DISCUSSION

Plaintiff states, "I have diligently researched public records to the best of my ability, and to the best of my knowledge, Owen M. Panner has not taken an Oath of Office, and is not a member of the Oregon State Bar." Let me reassure plaintiff that in 1980 I was duly sworn in as a United States District Judge for the District of Oregon, and that I have been a member of the Oregon State Bar since 1950.

Plaintiff contends that my Opinion and Order dismissing his previous case, Caligiuri v. Columbia River Bank Mortgage Group, Civ. No. 07-3003-PA (Caligiuri I), contained "derogatory and prejudicial language." Plaintiff quotes the following phrase as an example: "plaintiff has managed to prevent foreclosure." However, the quoted phrase is related to the ruling, which concerned multiple foreclosure proceedings, and is factually accurate.

Plaintiff contends that rulings in the Opinion and Order justify my recusal. For example, regarding my conclusion that "[n]o amendment could cure the deficiencies in plaintiff's

2 - ORDER

complaint," plaintiff states, "There is no way that a judge could know what an amendment might or might not do without seeing the amendment." Whatever its legal merit, plaintiff's argument is out of place in a motion to disqualify. Plaintiff's other arguments regarding rulings in Caligiuri I do not support show bias.

Plaintiff notes that this court originally assigned the case to another judge and then reassigned the case to me. Plaintiff argues that the reassignment indicates my intent to prevent "some other (fair and impartial) judge" from presiding over the case.

Although this court generally assigns cases randomly, it may reassign a case to a judge who presided over a related case. Such reassignments are in the interest of judicial efficiency, for the same reason that the court may consolidate pending related cases and assign the cases to a single judge. See LR 42.4. Here, Caligiuri I is related to this action. For example, defendants have moved to dismiss claims in this case based on rulings in Caligiuri I. My previous experience with plaintiff through the prior proceedings is not a basis for disqualification. See Liteky, 510 U.S. at 555 ("opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible").

Plaintiff states that during the telephone hearing on defendants' motions to dismiss in <u>Caligiuri I</u>, the following exchange occurred after I had told plaintiff that although he "did such good research and writing," the case had to be dismissed: "Plaintiff objected and the judge yelled at the plaintiff "Don't interrupt me!" After he finished, he paused for me to Object. Then he told me I had a right to object and appeal, but the case was dismissed with prejudice."

It is a judge's duty to ensure that hearings are orderly. For that reason, as well as simple courtesy, a good judge will not permit attorneys or parties to interrupt during hearings. Otherwise, hearings would quickly degenerate into shouting matches.

Here, I allowed plaintiff to state his objections in due course. My single brief admonition to plaintiff does not show bias. As the Supreme Court has noted, "A judge's ordinary efforts at courtroom administration--even a stern and short-tempered judge's ordinary efforts at courtroom administration--remain immune." <u>Liteky</u>, 510 U.S. at 556.

Plaintiff states that judicial misconduct complaints have been filed against me. Unsustained complaints of misconduct do not prove anything, and mere speculation cannot support a motion to recuse. <u>See</u> <u>Yagman v. Republic Ins.</u>, 987 F.2d 622, 626 (9th Cir. 1993).

Plaintiff has failed to show that a reasonable person viewing all the facts would question my impartiality to preside over this case.

**CONCLUSION**

Plaintiff's Verified Motion for Disqualification (#23) is denied.

DATED this 24 day of October, 2007.

_____
OWEN M. PANNER
U.S. DISTRICT JUDGE