FILED'08 JAN 24 12:38USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

VINCENT-RALPH: CALIGURI,

        Plaintiff,

   v.

WELLS FARGO BANK, N.A., et al.,

        Defendants.

Civ. No. 07-3061-PA

**ORDER**

**PANNER, J.:**

    Pro se plaintiff Vincent-Ralph Caligiuri brings this action against defendants Wells Fargo Bank N.A., Dennis Gates, and Linda Gates.

    Defendants move to dismiss. I grant the Gates defendants' motion to dismiss for lack of subject matter jurisdiction, and deny Wells Fargo's motion to dismiss for failure to state a claim.

## BACKGROUND

    Plaintiff challenges the validity of Wells Fargo's purchase, through a non-judicial foreclosure sale, of real property owned

1 - ORDER

by plaintiff. I have described the background of this litigation up to May 2007 in the Opinion and Order dismissing plaintiff's previous action, <u>Caligiuri v. Columbia River Bank Mortgage Group</u>, Civ. No. 07-3003-PA, 2007 WL 1560623 (<u>Caligiuri I</u>) (D. Or. May 22, 2007), <u>appeal pending</u>, No. 07-35445.

On June 8, 2007, Columbia River Bank Mortgage Group conducted the non-judicial foreclosure sale of plaintiff's property. Defendant Dennis Gates was the auctioneer. Defendant Linda Gates, the wife of Dennis Gates, placed the high bid of $230,904.71 on behalf of Wells Fargo. Wells Fargo submitted a certified check for that amount, which was accepted.

Plaintiff bid "2 ounces of gold and 21 silver dollars," which he asserts was "a higher and better bid in lawful money of the United States." Plaintiff states that he also faxed a copy of a "bonded promissory note" for $10 million to Northwest Trustee Services on May 31, 2007, and that he handed the original promissory note to Dennis Gates before the foreclosure sale.

Plaintiff brings three claims, all based on state law: for quiet title; for a declaration that plaintiff is entitled to possession of the disputed property; and for civil conspiracy.

## STANDARDS

Motions to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or

any other evidence properly before the court." <u>St. Clair v. City of Chico</u>, 880 F.2d 199, 201 (9th Cir. 1989). Reliance on matters outside the pleadings does not convert the motion into a motion for summary judgment. <u>See</u> <u>McCarthy v. United States</u>, 850 F.2d 558, 560 (9th Cir. 1988). The party asserting subject matter jurisdiction has the burden of establishing it. <u>St. Clair</u>, 880 F.2d at 201.

## DISCUSSION

I.  **Subject Matter Jurisdiction**

I agree with the Gates defendants that this court lacks subject matter jurisdiction over plaintiff's complaint.

There is no diversity jurisdiction because plaintiff and the Gates defendants are domiciled in Oregon. <u>See</u> 28 U.S.C. § 1332(a)(1) (for diversity jurisdiction to exist, controversy must be between citizens of different states); <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001) (when ruling on whether diversity jurisdiction exists, parties' domicile determines state citizenship).

There is no federal question jurisdiction because plaintiff brings no claims under federal law. <u>See</u> 28 U.S.C. § 1331. Because there is neither diversity nor federal question jurisdiction, this court cannot exercise supplemental jurisdiction over plaintiff's state law claims. <u>See</u> 28 U.S.C. § 1367 (court must have original jurisdiction before exercising supplemental jurisdiction).

3 - ORDER

Plaintiff argues that the foreclosure sale violated the federal Fair Debt Collection Practices Act (the Act), 15 U.S.C. §§ 1692-1692p, which would support federal question jurisdiction. The complaint does not assert any claim under the Act. However, because plaintiff is representing himself, I will determine whether plaintiff could state a claim under the Act.

Plaintiff contends that the foreclosure sale violated the Act because defendants used "a false representation or deceptive means to attempt to collect a debt." See 15 U.S.C. § 1692e. Plaintiff alleges that Dennis Gates acted as an auctioneer without authority, and that Linda Gates acted as purchaser without paying. Plaintiff argues that the promissory note he claims to have submitted, or the gold and silver he allegedly offered, were higher bids than the certified check submitted by Wells Fargo.

Plaintiff cannot state a claim under the Fair Debt Collections Practices Act. "[T]he activity of foreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); Williams v. Countrywide Home Loans, Inc., 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007) ("Mortgage companies collecting debts are not 'debt collectors.'"). "Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property." Hulse, 195 F. Supp. 2d at 1204.

4 - ORDER

Even if the Act applied, plaintiff's allegations of fraud and impropriety are unsupported. Defendants have submitted documents showing that they complied with the legal requirements for a non-judicial foreclosure sale, and that Wells Fargo submitted the highest bid for the property. See French Dec., Ex. 8 (Trustee's Notice and Amended Notice of Sale); Ex. 9 (cashier's check submitted by Wells Fargo, and documents showing refund to Wells Fargo). There is no basis for plaintiff's contention that the promissory note or the gold and silver should have beaten Wells Fargo's bid.

Plaintiff has not carried his burden of showing that federal jurisdiction exists. I grant the Gates defendants' motion to dismiss. I will not address Wells Fargo's motion to dismiss for failure to state a claim.

## II. Motion for Order Requiring Pre-Filing Review

Wells Fargo seeks an order requiring that this court review any complaints plaintiff seeks to file that concern Wells Fargo, its agents, or the disputed property. The current action is the second action plaintiff has brought in this court regarding the disputed property. Plaintiff also brought a related action in state court, and filed three petitions for bankruptcy relief.

This court has the inherent power to issue restrictive pre-filing orders to deal with vexatious litigants who have abusive and lengthy histories of litigation. See De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). As of now,

plaintiff's conduct does not justify such an order. However, if plaintiff attempts to bring any further actions based on the foreclosure, I will reconsider this issue.

### CONCLUSION

The Gates defendants' motion to dismiss (#6) is granted and this action is dismissed without prejudice for lack of subject matter jurisdiction. Defendant Wells Fargo's motion to dismiss and for review of future complaints (#10) is denied. Any other pending motions are denied as moot.

DATED this  24  day of January, 2008.

_____
OWEN M. PANNER
U.S. DISTRICT JUDGE